

1  LARA R. SHAPIRO (State Bar No. 227194)
2  4145 Via Marina # 324
   Marina del Rey, CA 90292
3  Telephone: (310) 577-0870
4  Facsimile: (424) 228-5351

5  *Of Counsel to*
6  Lemberg & Associates LLC
   A Connecticut Law Firm
7  1100 Summer Street
8  Stamford, CT 06905
   Telephone: (203) 653-2250
9  Facsimile: (203) 653-3424

10 Attorneys for Plaintiff,
11 Cheryl Jackson

12

13             UNITED STATES DISTRICT COURT
14             NORTHERN DISTRICT OF CALIFORNIA
15

16

17 Cheryl Jackson,                    Case No.: CV 10 0919
18
19           Plaintiff,               **COMPLAINT FOR DAMAGES**
                                      **1. VIOLATION OF FAIR DEBT**
20    vs.                             **COLLECTION PRACTICES ACT,**
21                                    **15 U.S.C. § 1692 ET. SEQ;**
   Portfolio Recovery Associates, L.L.C.;  **2. VIOLATION OF FAIR DEBT**
22 and DOES 1-10, inclusive,          **COLLECTION PRATICES ACT,**
23                                    **CAL.CIV.CODE § 1788 ET. SEQ.**
           Defendants.
24                                    **JURY TRIAL DEMANDED**
25
26
27
28

                                              COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Cheryl Jackson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Cheryl Jackson (hereafter "Plaintiff"), is an adult individual residing in Antioch, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Portfolio Recovery Associates, L.L.C. (hereafter "Portfolio"), is a company with an address of 120 Corporate Boulevard, Norfolk, Virginia 23502, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Portfolio and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Portfolio at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Debt**

8. The Plaintiff incurred a financial obligation (the "Debt") to Capital One Bank (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Portfolio for collection, or Portfolio was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.   Portfolio Engages in Harassment and Abusive Tactics**

12. The Defendant called the Plaintiff up to ten (10) times per week

**1**     13.     The Defendants called the Plaintiff on Saturdays and Sundays.

**2**     14.     The Defendant called the Plaintiff before 8:00 a.m.

**3**

**4**     15.     The Defendants were very rude and intimidating when speaking with

**5** the Plaintiff.

**6**     16.     The Plaintiff asked, in writing, for the Defendants not to call after

**7**

**8** 7:30 p.m. because she has young children. The Plaintiffs continued to call her after

**9** 7:30 p.m.

**10**     17.     The Plaintiff asked, in writing for the Defendants to cease

**11**

**12** communication with her. The Defendants continued to contact her.

**13**     18.     The Defendants threatened, and then reported erroneous info

**14** concerning the Plaintiff to credit bureaus.

**15**

**16**     19.     The Defendants failed to send notice to the Plaintiff informing her of

**17** her rights by written correspondence, including her right to dispute the debt, under

**18** state and federal law.

**19**

**20**     20.     The Defendants failed to send such notice despite the Plaintiff's

**21** request.

**22**

**23** **C.     <u>Plaintiff Suffered Actual Damages</u>**

**24**

**25**     21.     The Plaintiff has suffered and continues to suffer actual damages as a

**26** result of the Defendants' unlawful conduct.

**27**

**28**

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

26. The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

27. The Defendants contacted the Plaintiff before 8:00 a.m., in violation of 15 U.S.C. § 1692c(a)(1).

28. The Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication, in violation of 15 U.S.C. § 1692c(c).

29. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

30. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

31. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

32. The Defendants threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

33. The Defendants continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

34. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

38. Portfolio Recovery Associates, L.L.C., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

39. The Defendants used obscene and profane language when speaking with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(a).

40. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

41. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

42. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

43. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

44. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 per violation for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: February 25, 2010      LARA SHAPIRO

By: /s/ *Lara R. Shapiro*
Lara R. Shapiro

Attorney for Plaintiff
Cheryl Jackson

COMPLAINT FOR DAMAGES